BETHEL & HANOVER TOLL-BRIDGE COMPANY *vs.*
FRANCIS C. BEAN.

*Pleading.*

In assumpsit by a toll-bridge corporation against a stockholder therein to recover certain assessments on his stock, it must be alleged that the assessments sought to be recovered were due and payable when the action was commenced.

ON EXCEPTIONS.
ASSUMPSIT.

"For that the said plaintiffs, by an act of the legislature of the State of Maine, approved on the eighth day of February, in the year of our Lord one thousand eight hundred and sixty-six, were made and constituted a corporation, or body corporate, by the name of 'The Bethel & Hanover Toll-bridge Company,' for the purpose of erecting and keeping in repair a bridge over the Androscoggin river at Hemlock Island, between the towns of Bethel and Hanover, in the county of Oxford, in the direction and manner described in said act of incorporation, and thereafterwards, to wit, on the

seventh day of May, in the year of our Lord one thousand eight hundred and sixty-six, at said Bethel, in consideration that the plaintiffs, at the request of the said defendant, had admitted him to take one share of the par value of fifty dollars each in the capital stock of said corporation, and to become a proprietor therein; he, the said defendant, then and there undertook and faithfully promised and agreed with the plaintiffs that he would pay all assessments on the same for the purpose of constructing a toll-bridge across the Androscoggin river at Hemlock Island, connecting Bethel and Hanover.

" And the plaintiffs aver, that they, relying on the said promise and undertaking of the said defendant, thereafterwards made, constructed, and erected said toll-bridge across the Androscoggin river, at Hemlock Island, connecting Bethel and Hanover; and after the making of said promise by the said defendant, to wit, on the sixteenth day of June, in the year of our Lord one thousand eight hundred and sixty-six, the plaintiffs made an assessment of five dollars upon each and every share in the said stock so agreed to be taken, to be paid into the treasury of said corporation agreeably to the by-laws of said corporation; and thereafterwards, to wit, on the eleventh day of March, in the year of our Lord one thousand eight hundred and sixty-seven, the plaintiffs made a second assessment of ten dollars on each and every of the shares so agreed to be taken in said stock, to be paid as aforesaid; and thereafterwards, to wit, on the eighth day of June, in the year of our Lord one thousand eight hundred and sixty-seven, the plaintiffs made a third assessment of thirty-five dollars on each and every of the shares in said stock so agreed to be taken, to be paid as aforesaid; and thereafterwards, to wit, on the sixteenth day of December, in the year of our Lord one thousand eight hundred and sixty-seven, the plaintiffs made a fourth assessment of twenty-five dollars upon each and every of the shares in said stock as agreed to be taken, to be paid as aforesaid; and thereafterwards, to wit, on the fourth day of January, in the year of our Lord one thousand eight hundred and sixty-nine, the plaintiffs made a fifth assessment of fifteen dollars on

each and every of the shares in said stock so agreed to be taken, to be paid as aforesaid; all which assessments amounted in the whole on said defendant's share to the sum of ninety dollars; of all which said assessments, to wit, on the said days on which the same were respectively made as aforesaid, the said defendant had due notice, and was requested to pay the same; and after thirty days from the notice thus given on each of said assessments so made as aforesaid, the defendant was requested by the plaintiffs to pay the same. Yet the said defendant, although the times for the payment of the said assessments are all long since passed, hath not paid said several sums of money assessed as aforesaid, nor either, nor any part thereof to the plaintiffs, or their treasurer, but neglects and refuses so to do."

To the foregoing declaration the defendant filed a general demurrer, which was joined by the plaintiffs.

The presiding judge ruled *pro forma*, that the declaration was insufficient in law, and sustained the demurrer; whereupon the plaintiffs alleged exceptions.

*E. Foster, jr.*, for the plaintiffs.

1. The defendant, having filed a general demurrer, can take advantage only of defects in substance. Story Pl. 340; 1 Chit. Pl. 664; Gould Pl. 431, 2, 3; 10 East, 359.

And on such demurrer matters of form, not especially shown, shall be aided on the part of him who joins. Story Pl. 340; Gould Pl. 431, § 9.

General demurrers are not favored in law. Gould Pl. 431; 1 Chit. Pl. 663; R. S., c. 82, § 10.

2. Argumentative pleading is aided by verdict, or on general demurrer. For the defectiveness of such pleading is not in the matter pleaded, but in the manner of pleading it; and it is therefore only a fault in form. Gould Pl. 56, § 30; consequently the form of pleading the facts cannot be taken advantage of under a general demurrer. 1 Chit. Pl. 664, 236; Gould Pl. 433, § 14; 44 Maine, 484.

3. In a declaration, less degree of certainty is required than in a plea; and "certainty to a certain intent in general," is all that is required, even under a special demurrer. 1 Chit. Pl. 302.

The consideration in assumpsit, though of the gist of the action, may be stated indirectly, and it will be good on special demurrer even. Gould Pl. 64, §§ 42, 47, 68.

The only facts required in a declaration to be directly and positively stated, to be held good even under a special demurrer, are those which may be denied by the terms of the general issue. Gould Pl. 64, § 42.

4. It is not necessary to allege that the contract is in writing. 1 Chit. Pl. 303; Gould Pl. 177, § 43; *Worcester Turnpike Co.* v. *Willard,* 5 Mass. 80.

5. It is not necessary for the plaintiff to allege more than will constitute, *prima facie,* a sufficient cause of action. Gould Pl. 155, § 193; 1 Chit. Pl. 222.

6. The defendant, by his general demurrer, has confessed everything that is sufficiently pleaded, among which is, that he has taken one share, and become a proprietor in the corporation; for if argumentatively stated, or otherwise, it is good on general demurrer. 4 Mass. 452; Gould Pl. 436, § 21.

7. "The right acquired by the defendant to become the owner of one share, and to be entitled to the privilege of a stockholder, was a sufficient consideration for his promise to pay for it." *Ken. & Portland R. R. Co.* v. *Jarvis,* 34 Maine, 360.

8. A corporation may, in an action at law, recover for assessments made upon shares when the holder has made an express agreement to pay for them. *Ken. & Portland R. R. Co.* v. *Kendall,* 31 Maine, 474; *Bangor Bridge Co.* v. *McMahon,* 10 Maine, 478; *Worcester Turnpike Co.* v. *Willard,* 5 Mass. 80.

9. There is no condition precedent in the defendant's promise; it is absolute; he agrees to pay his share in assessments; the assessments are averred. Angell and Ames on Corp. 490, § 517.

"For the purpose of constructing a toll-bridge, etc.," is not a condition, limiting the defendant's liability, but an expression of the

purpose or object for which he contributed,—as though it had read thus : " The object being the construction of a toll-bridge, etc.,"— and that object is averred to have been accomplished.

10. A declaration, though consisting of a single count, may be good as to part of what the plaintiff demands, and ill for the residue ; in which case, if the whole be demurred to, the plaintiff may have judgment for the part which is good. Gould Pl. 181, § 49; 1 Chit. Pl. 665.

Consequently, though more assessments were made than the par value of the share, the declaration is good to hold to the amount of that par value ; it is no detriment that more than a *prima facie* case is alleged, as it is only a matter of form, and not reached by general demurrer.

11. If the declaration exhibits, *prima facie*, a cause of action, no matter how defective in form, then the plaintiff should have judgment final as at common law, *quod recuperet.* Gould Pl. 444, § 42.

If the declaration does not, *prima facie*, show a cause of action, and is amendable, then the plaintiff should be allowed to amend upon payment of costs, only from the time of filing the demurrer. R. S., c. 82, § 19.


*Deane & Verrill*, for the defendant.

The declaration is bad and insufficient, for the following reasons :

1. No time of payment of the alleged assessments is set forth, and no promise is stated which was to be performed before the date of the writ.

The action can only be maintained upon an express contract (*Andover & Medford Turnpike Corp.* v. *Hay*, 7 Mass. 102), and the contract should be stated according to its legal effect, and with certainty and precision as to all its material parts. 1 Chit. Pl. 257, 303, and 305 ; 1 Greenl. on Ev. § 66 ; *Hotchkiss* v. *Judd*, 12 Allen, 447.

2. No sufficient consideration is set forth, and there is no averment that the corporation admitted the defendant to take shares ; nor does it appear that the corporation was organized prior to the

making of the alleged· contract, or that the transaction was ever ratified or assented to by the corporation.   1 Greenl. on Ev. § 66 ; *Eustis* v. *Kidder,* 26 Maine, 97 ; *New Bedford & Bridgewater Corp.* v. *Adams,* 8 Mass. 130 ; *Taunton & South Boston Turnpike Corp.* v. *Whiting,* and editor's note, 10 Mass. 327 ; *Penobscot R. R. Co.* v. *Dummer,* 40 Maine, 172.

3. It does not appear that the corporation ever fulfilled the conditions of the contract, or performed on its part what its charter and by-laws required for the benefit of its members.   *K. & P. R. R. Co.* v. *Jarvis,* 34 Maine, 360 ; *People's Ferry Co.* v. *Balch,* 8 Gray, 303. `

4. It is not stated that the stock was all subscribed for or taken, or even that there was any number of shares fixed by charter or by vote before the assessments were made ; but the plain inference is, that the prescribed number of shares was largely diminished.   *Troy & Greenfield R. R. Co.* v. *Newton,* 8 Gray, 596 ; *Kennebec & Portland R. R. Co.* v. *Jarvis,* 34 Maine, 360 ; *Worcester & Nashua R. R. Co.* v. *Hinds,* 8 Cush. 110 ; *Central Turnpike Corp.* v. *Valentine,* 10 Pick. 142 ; *Oldtown & Lincoln R. R. Co.* v. *Veazie,* 39 Maine, 571 ; *N. H. Central R. R.* v. *Johnson,* 30 N. H. 390.

5. There is no force in the averments that certain notices of the assessments were given to the defendants, because it does not appear what notice, if any, was required by the terms of the contract, and because there is no averment that at the times of the alleged notices the assessments were due and payable.   *Curtis* v. *Hubbard,* 6 Met. 186.

6. The par value of the shares was fifty dollars, and the alleged assessments amount to ninety dollars on each share ; but it does not appear that the assessments were all or any of them made for the purposes stated in the alleged contract.

In law, the whole amount assessed on each share must not exceed the par value of the shares, and must be all for the purposes stated in the contract.   The assessments must be legal assessments. *Salem Mill Dam Co.* v. *Ropes,* 6 Pick. 23, and *Proprietors of Newburyport Bridge* v. *Story,* in note at end of last-named case ; *Ches-*

McCabe v. McRea, Ship Empire, and Thompson.

ter Glass Co. v. Dewey, 16 Mass. 94; Contoocook Valley R. R. v. Barker, 32 N. H. 363; Littleton Manufacturing Co. v. Parker, 14 N. H. 543.

7. A declaration bad in part is bad in the whole.

APPLETON, C. J. This is an action against the defendant, who is a stockholder in the plaintiff corporation, to recover the amount of certain assessments.

The declaration alleges that the assessments respectively set forth therein, were "to be paid into the treasury of said corporation, agreeably to the by-laws of said corporation." To this declaration the defendant has demurred.

It nowhere appears that the assessments "agreeably to the by-laws" were due and payable when this action was commenced. There is no allegation when the assessments became due. It does not, therefore, appear that there is any promise or contract unperformed which by its terms should have been performed before this action was commenced. Curtis v. Hubbard, 6 Met. 186; Hotchkiss v. Judd, 12 Allen, 447.                    Exceptions overruled.
                                            Declaration adjudged bad.

KENT, WALTON, BARROWS, DANFORTH, and TAPLEY JJ., concurred.